## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| RICK COLLINS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) CAUSE NO. 3:06-CV-0829 TLS |
| FRANK CANARECCI, Sheriff, *et al.,* | ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

Rick Collins, a prisoner confined at the St. Joseph County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Sheriff Canarecci and Warden Julie Lawson placed a negative balance of $244.75 on his jail trust account. Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

According to the complaint, in October 2003, St. Joseph County Jail officials mistakenly placed money belonging to another inmate in Mr. Collins's jail account. When he went to the Indiana Department of Correction, the jail sent this deposit to the Department of Correction along with the rest of the money in his account. In October 2006, when Mr. Collins returned to the jail, officials told him he "had a negative balance of $244.75 and the Jail would confiscate any money that [he] received from visitors, until the negative balance was paid in full"(complaint at pp 3-4), even though Warden Lawson admitted that jail officials were responsible for the mistake.

Mr. Collins brings this action pursuant to 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Bell v. City of Milwaukee*, 746 F.2d 1205 (7th Cir. 1984). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137 (1979).

Mr. Collins alleges that the defendants' error has deprived him of $244.75. The Fourteenth Amendment's due process clause provides that the states shall not "deprive any person of life, liberty, or property, without due process of law," but there is no loss of property without due process of law if a state provides an adequate post-deprivation remedy for the loss. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Hudson v. Palmer*, 468 U.S. 517 (1984). The Indiana tort claims act provides a sufficient remedy for loss of personal property. *Hossman v. Spradlin*, 812 F.2d 1019, 1023 (7th Cir.

2

1987); *Wilson v. Civil Township of Clayton*, 839 F.2d 375 (7th Cir. 1988).

That Mr. Collins has no federal law claim against the defendants does not mean that he may not pursue his claims against them in state court. Accordingly, the Court will explicitly dismiss this case without prejudice.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(2), the court DISMISSES this complaint without prejudice to his right to seek redress in state court.

SO ORDERED on January 30, 2007.

    /s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION